4:09-cv-00006-TLW-TER     Date Filed 01/02/09     Entry Number 1-1     Page 1 of 13

ATTACHMENT A
Byrd, et al.
Submitted by CCP for Notice of Removal

# WUKELA LAW FIRM

Steve Wukela, Jr.
Benjamin D. Moore
Christi B. McDaniel
Stephen J. Wukela
Patrick J. McLaughlin
Pheobe A. Clark
April S. Purvis
Michael T. Miller

403 Second Loop Road
P.O. Box 13057
Florence, SC 29504-3057

(843) 669-5634
FAX (843) 669-5150

December 2, 2008

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**RESTRICTED DELIVERY**

Mr. Donald Pifer
Registered Agent
201 Executive Drive
Columbia, SC   29210

      RE:   Corbett E. Byrd vs. Carolina Care Plan, Inc. Access Plan; Carolina Care Plan, Inc.
            C/A No. 2008-CP-21-2214

Dear Mr. Pifer:

    Please be advised that this office represents Mr. Corbett E. Byrd in the above entitled action.

    In that regard, I have enclosed a certified copy of the Coversheet, Summons and Complaint for service on you as Legal Agent/Registered Agent for service of process on Carolina Care Plan pursuant to Rules 4(d)(3) and 4(d)(8), South Carolina Rules of Civil Procedure.

    With kindest regards, I remain,

                                    Yours truly,

                                    WUKELA LAW FIRM

                                    **PHEOBE A. CLARK**

PAC:nhs
Enclosures

RECEIVED
DEC 0 4 2008
NETWORK MGMT.

ATTACHMENT A
4:09-cv-00006-TLW-TER    Date Filed 01/02/09    Entry Number 1-1    Page 2 of 13
Byrd, et al.
Submitted by CCP for Notice of Removal

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF FLORENCE | ) | |
| | ) | |
| Corbett E. Byrd, | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 2008-CP - 21- 2214 |
| vs. | ) | |
| | ) | |
| Carolina Care Plan, Inc. Access Plan; Carolina Care Plan, Inc., | ) | |
| Defendant(s) | ) | |

FILED 2008 NOV 19 PM 4:09 CONNIE REEL-SHEARIN CLERK CCP & GS FLORENCE COUNTY, SC

| (Please Print) Submitted By: | PHEOBE A. CLARK | SC Bar #: | 75360 |
|---|---|---|---|
| Address: | Wukela Law Firm | Telephone #: | 843-669-5634 |
| | P. O. Box 13057, Florence, SC 29504 | Fax #: | 843-669-5150 |
| | | Other: | |
| | | E-mail: | pclark@wukelalaw.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.    ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts -- Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Notice/ File Med Mal (230) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☒ Breach of Contract (140) | ☐ Other (299) | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Habeas Corpus (530) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| ☐ Other (599) | ☐ Transcript Judgment (740) | ☐ Forfeiture-Petition (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Forfeiture—Consent Order (850) | ☐ SCDOT (950) |
| | ☐ Other (799) | ☐ Other (899) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Administrative Law Judge (980) |
| | | | ☐ Public Service Commission (990) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | | |
| ☐ Other (699) | ☐ Sexual Predator (510) | | |

Submitting Party Signature: _[signature]_ PHEOBE A. CLARK    Date: November 18, 2008

CERTIFIED: A TRUE COPY
_[signature]_
CLERK OF COURT, C.P.& G.S

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

4:09-cv-00006-TLW-TER     ATTACHMENT A
Byrd, et al    Date Filed 01/02/09    Entry Number 1-1    Page 3 of 13
Submitted by CCP for Notice of Removal

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | TWELFTH JUDICIAL CIRCUIT |
| COUNTY OF FLORENCE ) | C/A NO: 2008-CP-21- 2214 |

Corbett E. Byrd, )
)
              Plaintiff, )
vs. )
)
Carolina Care Plan, Inc. )
Access Plan; Carolina Care Plan, Inc., )
)
              Defendants, )
_____ )

**SUMMONS**
**(JURY TRIAL DEMANDED)**

**TO:**    THE DEFENDANT(S) ABOVE NAMED:

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to the said Complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                                          WUKELA LAW FIRM

                                          By: _____
                                                **Pheobe A. Clark**
                                                Attorney for the Plaintiff
                                                P. O. Box 13057
                                                Florence, SC 29504-3057
                                                (843) 669-5634 - phone
                                                (843) 669-5150 - fax

November 18, 2008

CERTIFIED: A TRUE COPY

_____
CLERK OF COURT, C.P & G.S
FLORENCE COUNTY, S.C.

4:09-cv-00006-TLW-TER    Date Filed 01/02/09    Entry Number 1-1    Page 4 of 13

ATTACHMENT A
Byrd v. Cue, et al
Submitted by CCP for Notice of Removal

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF FLORENCE ) | IN THE COURT OF COMMON PLEAS <br> TWELFTH JUDICIAL CIRCUIT <br> C/A NO: 2008-CP-21-2214 |
| Corbett E. Byrd, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> Carolina Care Plan, Inc. ) <br> Access Plan; Carolina Care Plan, Inc., ) <br> ) <br> Defendants, ) <br> _____ ) | **COMPLAINT** <br> **(JURY TRIAL DEMANDED)** |

The Plaintiff, Corbett E. Byrd, by and through his undersigned counsel, hereby makes the following claims and allegations:

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et. seq.("ERISA"), to enforce contractual rights and recover benefits due under an employee benefit plan pursuant to ERISA §502(a)(1)(B),29 U.S.C.§ 1132(a)(1)(B), to redress breaches of fiduciary duty pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), and to recover costs and attorney's fees pursuant to ERISA §502(g). 29 U.S.C. §1132(g).

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

## PARTIES

3. Plaintiff, Corbett E. Byrd, currently resides in the County of Florence, South Carolina, and is a qualified participant, within the meaning of §3(7) of ERISA, 29 U.S.C.

Page 1 of 9

CERTIFIED; A TRUE COPY

*[signature]*

CLERK OF COURT C.P & G.S

4:09-cv-00006-TLW-TER   Date Filed 01/02/09   Entry Number 1-1   Page 5 of 13

ATTACHMENT A
Dyal, et al.
Submitted by CCP for Notice of Removal

§1002(7), in the Carolina Access Plan, an employee benefit plan within the meaning §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). Plaintiff has standing to bring this action under §502(a) of ERISA, 29 U.S.C. §1132(a).

4. Defendant, Carolina Care Plan, Inc. Carolina Access Plan, (hereinafter "The Plan") is a qualified employee benefit plan within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).

5. Defendant, Carolina Care Plan, Inc. is a corporation. At all relevant times, Carolina Care Plan, Inc. was a "fiduciary" of the Plan within the meaning of ERISA, §3(21), 29 U.S.C. §1002(21), and a claims "administrator" of the Plan within the meaning of ERISA, §3(16)(A).

## FACTS

6. At all relevant times Plaintiff was an employee of Ramsey Adjustment Services and was a participant, within the meaning of ERISA §3(7), 29 U.S.C. §1002(7), of the Carolina Care Plan, Inc. Carolina Access Plan, (hereinafter the "Plan"), which was provided through his employer.

7. The Plan reduced a member's benefits if the member was eligible to receive Medicare as the Primary Coverage Plan.

8. On various dates from August 26, 2005 to September 22, 2005, Plaintiff, while employed with Ramsey Adjustment Services and while insured under Carolina Care Plan, Inc., received medical services from Pee Dee Radiology Group, Pee Dee Cardiology Associates and Carolinas Hospital.

9. Prior to receiving medical services, Plaintiff made direct inquiries regarding the effect of his enrollment in Medicare on his existing coverage under the Plan. Specifically,

ATTACHMENT A
4:09-cv-00006-TLW-TER    Date Filed 01/02/09    Entry Number 1-1    Page 6 of 13
Submitted by CCP for Notice of Removal

Plaintiff received confirmation from an insurance agent representing Defendant that Plaintiff did not need to retain coverage under Medicare Part B.

10. Relying on the representations of Defendant, Plaintiff dropped coverage under Medicare Part B.

11. On various dates from August 26, 2005 to September 22, 2005, Plaintiff claimed benefit coverage under Plan, providing the appropriate proof of coverage and services received.

12. Defendant denied Plaintiff coverage.

13. Plaintiff exhausted all levels of the grievance process as of June 28, 2007 and as of the date of this Complaint, Defendants have failed to provide the represented benefits to Plaintiff.

### FOR A FIRST CAUSE OF ACTION AS AGAINST DEFENDANT, ----- CAROLINA ACCESS PLAN (CLAIM FOR BENEFITS DUE)

14. That paragraphs one (1) through thirteen (13) are hereby expressly incorporated verbatim.

15. At all relevant times Plaintiff was an employee of Ramsey Adjusting Services and was a participant, within the meaning of ERISA §3(7), 29 U.S.C. §1002(7), of the Carolina Care Plan, Inc. Carolina Access Plan, (hereinafter the "Plan").

16. The benefits due Plaintiff are vested under the Plan and Plaintiff has complied with all conditions and provided the necessary proof of loss in order to receive such Plan medical benefits.

17. Plaintiff requested that Defendant Plan pay medical benefits due him under the Plan.

18. Defendants failed to provide such medical expense benefits.

19. Defendant failed to process the benefit claims of the Plaintiff and other Plan participants and beneficiaries in a manner that complied with ERISA §503, 29 U.S.C. §1133, and 29 C.F.R. §560-503-1, et. seq.

20. Denial of benefits to plaintiff constitutes a breach of the Plan between Defendants and Plaintiff. Plaintiff seeks reimbursement and compensation for any and all benefits she would have received as a result of Defendants' failure to provide coverage in an amount presently unknown but to be set forth at the time of trial.

21. Defendants have arbitrarily and capriciously breached the obligations set forth in the Plan. Defendants have arbitrarily and capriciously breached their obligations under the ERISA policy to provide plaintiff benefits even though plaintiff's benefits are covered under the terms of the Plan.

22. As a direct and proximate result of Defendant's conduct in failing to provide coverage and pay benefits to plaintiff, Plaintiff has been damaged in an amount equal to the amount of benefits to which Plaintiff would have been entitled for her medical services received from non – network providers and physicians on various dates beginning August 26, 2005, under the terms of the Plan plus interest and the amount Plaintiff will continue to sustain each month until benefits are paid in full.

23. As a further direct and proximate result of Defendant Plan's actions, it has been unjustly enriched in an amount not known in full by Plaintiff but upon belief and information such unjust enrichment approximates the amount benefits due under the terms of the Plan for each month since August 26, 2005, and the amount the Plaintiff will continue to sustain each month until the benefits are paid in full.

24. As a further direct and proximate result of Defendant Plan's actions, Plaintiff has incurred attorney's fees and other economic and consequential damages in an amount not known in full by Plaintiff but to be determined at trial.

### FOR A SECOND CAUSE OF ACTION AS AGAINST DEFENDANT, ----- CAROLINA CARE PLAN, INC. (ENFORCEMENT OF CONTRACTUAL RIGHTS UNDER DOCTRINE OF REASONABLE EXPECTATION)

25. That paragraphs one (1) through twenty - four (24) are hereby expressly incorporated verbatim.

26. At all relevant times Plaintiff was an employee of Ramsey Adjusting Services and was a participant, within the meaning of ERISA §3(7), 29 U.S.C. §1002(7), of the Carolina Care Plan, Inc. Carolina Access Plan, (hereinafter the "Plan").

27. The benefits due Plaintiff are vested under the Plan and Plaintiff has complied with all conditions and provided the necessary proof of loss in order to receive such Plan medical benefits.

28. Defendant, through its agent, represented to Plaintiff that retention of Medicare Part B was unnecessary.

29. Based on Defendant's representations, Plaintiff had a reasonable expectation of benefit coverage.

30. Plaintiff relied on the Defendant's representation of coverage.

31. Plaintiff requested that Defendant Plan pay medical benefits due him under the Plan.

32. Defendants failed to provide such medical expense benefits after Plaintiff relied to his detriment on the Defendant's representation of coverage.

ATTACHMENT A
4:09-cv-00006-TLW-TER   Date Filed 01/02/09   Entry Number 1-1   Page 9 of 13
Submitted by CCP for Notice of Removal

33. Defendant failed to process the benefit claims of the Plaintiff and other Plan participants and beneficiaries in a manner that complied with ERISA §503, 29 U.S.C. §1133, and 29 C.F.R. §560-503-1, et. seq.

34. Denial of benefits to plaintiff constitutes a breach of the Plan between Defendants and Plaintiff. Plaintiff seeks enforcement of contractual rights under ERISA §502(a)(1)(B), 29 U.S.C.§ 1132(a)(1)(B) and reimbursement and compensation for any and all benefits she would have received as a result of Defendants' failure to provide coverage in an amount presently unknown but to be set forth at the time of trial.

35. Defendants have arbitrarily and capriciously breached the obligations set forth in the Plan. Defendants have arbitrarily and capriciously breached their obligations under the ERISA policy to provide plaintiff benefits even though plaintiff's benefits are covered under the terms of the Plan.

36. As a direct and proximate result of Defendant's conduct in failing to provide coverage and pay benefits to plaintiff, Plaintiff has been damaged in an amount equal to the amount of benefits to which Plaintiff would have been entitled for her medical services received from non – network providers and physicians on various dates beginning August 26, 2005, under the terms of the Plan plus interest and the amount Plaintiff will continue to sustain each month until benefits are paid in full.

37. As a further direct and proximate result of Defendant Plan's actions, it has been unjustly enriched in an amount not known in full by Plaintiff but upon belief and information such unjust enrichment approximates the amount benefits due under the terms of the Plan for each month since August 26, 2005, and the amount the Plaintiff will continue to sustain each month until the benefits are paid in full.

ATTACHMENT A
4:09-cv-00006-TLW-TER    Date Filed 01/02/09    Entry Number 1-1    Page 10 of 13
Submitted by CCP for Notice of Removal

38. As a further direct and proximate result of Defendant Plan's actions, Plaintiff has incurred attorney's fees and other economic and consequential damages in an amount not known in full by Plaintiff but to be determined at trial.

### FOR A THIRD CAUSE OF ACTION AS AGAINST DEFENDANT, CAROLINA CARE PLAN, INC.
### (BREACH OF FIDUCIARY DUTY)

39. That paragraphs one (1) through thirty - eight (38) are hereby expressly incorporated verbatim.

40. At all relevant times Defendant, Carolina Care Plan, Inc., was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. §1002(21).

41. At all relevant times, ERISA §§404 (a)(1)(A), 29 U.S.C. §1104 (a)(1)(A), required that Defendant, Carolina Care Plan, Inc., act solely in the interests of the Plan's participants and beneficiaries and for the exclusive purpose of providing benefits to them; ERISA §404 (a)(1)(B), 29 U.S.C. §1104 (a)(1)(B) required that Defendant, Carolina Care Plan, Inc., act with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; ERISA §404 (a)(1)(D), 29 U.S.C. §1104 (a)(1)(D), required that Defendant, Carolina Care Plan, Inc., act in accordance with the plan documents; and ERISA §403(C)(1), 29 U.S.C. §1103 (c)(1), required that Defendant, Carolina Care Plan, Inc., hold Plan assets for the purpose of providing benefits to participants in the Medical Benefits Plan.

42. Defendant, Carolina Care Plan, Inc., violated ERISA §§404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A); ERISA §404 (a)(1)(B), 29 U.S.C. §1104(a)(1)(B); ERISA §404

ATTACHMENT A
4:09-cv-00006-TLW-TER    Date Filed 01/02/09    Entry Number 1-1    Page 11 of 13
Submitted by CCP for Notice of Removal

(a)(1)(D), 29 U.S.C. 1104 (a)(1)(D); and ERISA §403(c)(1), 29 U.S.C. §1103(c)(1) in the following particulars to-wit:

a. Defendants failed to make and authorize benefit payments to plan members at a time when Defendants knew or should have known that plan members were entitled to said benefits under the terms of the Plan;

b. In denying Plaintiff benefits due under the terms of the Plan arbitrarily, capriciously, without good faith, and without the support of substantial evidence;

c. In failing to provide a reasonable explanation of the basis relied upon in the Plan, in relation to the applicable facts, for the denial of plan members' claims for benefits;

d. In failing to process the benefit claims of the Plaintiff and other Plan participants and beneficiaries in a manner that complied with ERISA §503, 29 U.S.C §1133, and 29 C.F.R. §2506-503-1 et. seq.;

e. In failing to establish claims administration procedures that complied with ERISA §503, 29 U.S.C. §1133, and 29 C.F.R. §2560-503-1 et. seq.;

f. In failing and refusing to respond in a timely fashion to Plaintiff's request for information in violation of 29 U.S.C. §1132(c).

43. As the direct and proximate result of Defendant's actions, Plaintiff has lost benefits in an amount not known in full by Plaintiff but upon belief and information such loss approximates the amount of benefits due under the terms of the Plan for medical services received on various dates beginning on August 26, 2005, and the amount the Plaintiff will continue to sustain each month until the benefits are paid in full.

44. As a further direct and proximate result of Defendant's actions it has been unjustly enriched in an amount not known in full by Plaintiff but upon relief and information such unjust enrichment approximates the amount of benefits due under the terms of the Plan for medical services received on various dates beginning on August 26,

ATTACHMENT A
4:09-cv-00006-TLW-TER    Date Filed 01/02/09    Entry Number 1-1    Page 12 of 13
Submitted by CCP for Notice of Removal

2005, and the amount the Plaintiff will continue to sustain each month until the benefits are paid in full.

45. As a further direct and proximate result of Defendant's actions, Plaintiff has incurred attorney's fees and other economic and consequential damages in an amount not known in full by Plaintiff but to be determined at trial.

**WHEREFORE** Plaintiff respectfully prays that the Court:

A. Order that Defendants pay to Plaintiff all Medical benefits accrued and unpaid for medical services rendered to Plaintiff on various dates beginning on August 26, 2005.

B. Order that Defendants designate that the Plaintiff was an eligible participant under the Plan at the time of service and to pay the agreed upon costs provided for by the Plan and specifically authorized by the Defendant's agent;

C. Award Plaintiff attorney's fees and costs of this action pursuant to section 502(g)(1) of ERISA, 29 U.S.C. §1132(g).

D. Order that Defendants make restitution to the Plaintiff in the amount unjustly gained or in the amount of loss unjustly avoided as the result of their fiduciary breaches and violations of ERISA.

E. Order that the Defendants pay pre and post judgment interest.

F. Award such further legal of equitable relief as may be just.

WUKELA LAW FIRM

By: _____
Pheobe A. Clark
Attorney for Plaintiff
Post Office Box 13057
Florence, SC  29504-3057
Phone: (843) 669-5634
Fax:    (843) 669-5150

November 18, 2008

ATTACHMENT A
4:09-cv-00006-TLW-TER    Date Filed 01/02/09    Entry Number 1-1    Page 13 of 13
Submitted by CCP for Notice of Removal









$007.76 DEC 02 2008
02 1P
0003083651
MAILED FROM ZIP CODE 29505

7007 3020 0000 4988 1278

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
RESTRICTED DELIVERY

Mr. Donald Pifer
Registered Agent
201 Executive Drive
Columbia, SC  29210

RECEIVED
DEC 04 2008
CCP

WUKELA LAW FIRM
403 Second Loop Road
P.O. Box 13057
Florence, SC 29504-3057